IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01707-RPM-KLM

JUSTIN ALLEN,

    Plaintiff,

v.

P&B CAPITAL GROUP, LLC,
f/k/a PHILLIPS & BURNS, LLC,

    Defendant.

_____

**ORDER DENYING MOTION TO STRIKE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendant P&B Capital Group, LLC's Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)** [Docket No. 5; Filed August 18, 2009] (the "Motion").  Plaintiff filed a Response in opposition to the Motion on August 31, 2009 [Docket No. 7], and Defendant filed a Reply on September 4, 2009 [Docket No. 8].  The Motion has been fully briefed and is ripe for resolution.

    Pursuant to the Motion, Defendant seeks an order striking Paragraph Nos. 80-87, 95 and 99 from Plaintiff's Complaint [Docket No. 1].  Defendant argues that these paragraphs contain immaterial, impertinent and scandalous allegations in that they suggest that Defendant makes a frequent habit of violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.  *Motion* [#5] at 2.  Specifically, the subject paragraphs address past litigation involving Defendants and contend that Defendant "violat[es] the FDCPA [as] part of its business practice."  *Id.* (quoting *Complaint* [#1] ¶ 95).  Defendant argues that these allegations would not be admissible against it at trial and "there is simply

no reasonable purpose to include references to prior lawsuits against Defendant in a Complaint other than to degrade Defendant's moral character." *Id.* at 4-5.

Plaintiff counters that motions to strike are extraordinary and drastic requests. *Response* [#7] at 2. Moreover, Plaintiff contends that the allegations are relevant and admissible "to show that the Defendant has a history or plan of aggressive debt collecting" and as to "Plaintiff's claimed statutory damages as they relate to the 'frequency and persistence of the noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional.'" *Id.* at 4-5 (quoting 15 U.S.C. § 1692k).

IT IS HEREBY **ORDERED** that the Motion is **DENIED** for the reasons set forth below.

Motions to strike are disfavored and will only be granted under the rarest of circumstances. *Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997). As such, the moving party's "burden of proof is a heavy one." *Holzberlein v. OM Fin. Life Ins. Co.*, 08-cv-02053-LTB, 2008 WL 5381503, at *1 (D. Colo. Dec. 22, 2008) (unpublished decision). Moreover, regardless of whether the moving party has met its burden to prove that allegations contained in a pleading violate Rule 12(f), discretion remains with the Court to grant or deny the motion. *See* Fed. R. Civ. P. 12(f) (denoting only that allegations which are subject to Rule 12(f) "may" be stricken).

To the extent that the parties seek a ruling on the admissibility or relevance of the allegations contained in the Complaint, I make no binding finding. Resolution of issues relating to the actual admissibility or relevance of these allegations is premature. *See, e.g.*, *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215-16 (D. Kan. 1998) (recognizing that

a motion to strike is not a proper basis to challenge the merits of a plaintiff's allegations); *Echostar Satellite, LLC v. Persian Broad. Co.*, No. 05-cv-00466-PSF-MEH, 2006 WL 446087, at *2 (D. Colo. Feb. 22, 2006) (unpublished decision) (noting that the merits of allegations raised in a complaint are appropriately resolved via dispositive motion); *A Major Difference, Inc. v. Erchonia Med., Inc.*, No. 04-cv-01769-MSK-CBS, 2005 WL 2293645, at *2 (D. Colo. Sept. 19, 2005) (unpublished decision) (holding that whether materials in plaintiff's complaint "are probative of [p]laintiff's claims and admissible at trial is an issue to be determined at the time of trial").  Here, I note that Plaintiff has put forth reasonable arguments as to why the allegations at issue may be relevant or admissible such that the Court is not convinced that the allegations "have no possible bearing on the controversy." *See Sierra Club*, 173 F.R.D at 285.

In addition, at this stage of the litigation, it is unclear how the inclusion of these allegations will prejudice Defendant going forward.  *See Echostar*, 2006 WL 446087, at *1 (noting that "[e]ven where the challenged allegations fall within the rule's prohibited categories, a party must usually make a showing of prejudice before a court will grant a motion to strike" (citation omitted)).  Defendant will have ample opportunity to defend itself against every allegation contained in Plaintiff's Complaint and, if necessary, to seek to prohibit the admissibility of irrelevant evidence.  Defendant's citation to cases from other jurisdictions involving non-FDCPA claims are not persuasive and do not prompt the Court to reach a different result.  Accordingly, I exercise my discretion to deny the Motion.

IT IS FURTHER **ORDERED** that Defendant shall answer or otherwise respond to Plaintiff's Complaint on or before **September 21, 2009**.

Dated: September 9, 2009

BY THE COURT:

 s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge